IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MELTON SUMMERVILLE,           )
                              )
     Plaintiff,               )
                              )
     v.                       )     1:06CV00719
                              )
AMERICAN FEDERATION OF STATE, )
COUNTY AND MUNICIPAL EMPLOYEES)
AND LOCAL 77,                 )
                              )
     Defendants.              )

MEMORANDUM OPINION

OSTEEN, District Judge

Plaintiff Melton Summerville has filed numerous proceedings in this court against the same Defendants American Federation of State, County and Municipal Employees and Local 77 with the same allegations in each proceeding. The court has dismissed each proceeding. The claims are frivolous and vexatious.

I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff has filed four separate actions against Defendants alleging fraud, unfair representation, and breach of contract, all of which arise out of the same negotiation and ratification of a collective bargaining agreement between Duke University and Local 77. In the first of the four actions, Summerville v. Local 77, 1:03CV770, the court entered summary judgment in favor of Defendants. The Fourth Circuit affirmed the court's decision and

the Supreme Court subsequently denied Plaintiff's writ of certiorari. Plaintiff filed a second action in this court, Summerville v. Local 77, 1:05CV101, that the court dismissed because the applicable statute of limitations had passed. Plaintiff then filed a third action in the Superior Court for Durham County, Summerville v. Local 77, 6CVS04984, that was subsequently removed to this court (Summerville v. Local 77, 06CV681). This third action is before the court on a motion to dismiss. The fourth and current matter (1:06CV719) was also filed in Durham County Superior Court and removed to this court. The court held a hearing on December 27, 2006, at which Defendants' Motion to Dismiss and Plaintiff's Motion to Remand were discussed as well as Plaintiff's efforts in acquiring representation. Plaintiff filed a statement with the court on January 23, 2007, claiming that he obtained counsel. This statement did not identify counsel's name and no attorney has entered an appearance for Mr. Summerville. In response, the court issued an order denying a hearing to Mr. Summerville, unless his attorney provided the court with a notice of appearance. No such notice has been submitted to the court. The court concludes that Mr. Summerville has not retained counsel.

    Plaintiff's complaint in this case is a photocopy of the complaint in the 1:03CV770 case that the court dismissed. Plaintiff seeks to litigate the same claims against Defendants.

## II. ANALYSIS

A court should dismiss a case for failure to state a claim upon which relief can be granted "only in very limited circumstances." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). Dismissal should not be granted "unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A res judicata defense is appropriate when raised in a motion to dismiss for failure to state a claim. See Q Int'l Courier, Inc. v. Smoak, 441 F.3d 214 (4th Cir. 2006). "Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (citation and internal quotations omitted). A defendant may use invoke the doctrine of res judicata in situations where there is: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." Id. at 354-355 (citation omitted).

This case illustrates a textbook example of when the doctrine of res judicata applies. Plaintiff's complaint is an

exact duplicate of the one submitted to the court in an earlier proceeding. In that case, the court issued a final order and judgment on the merits, granting Defendants' motion for summary judgment. In this situation, dismissal of Plaintiff's claim is necessary in order "to protect the defendant from the burden of relitigating the same claim in different suits." Id. at 356 (citation and internal quotations omitted).

## III. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss will be GRANTED.

An order and judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 2nd day of April 2007.

```
                              /s/ William L. Osteen
                              United States District Judge
```