```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

MELTON SUMMERVILLE,             )
                                )
        Plaintiff,               )
                                )
    v.                          )    Civil Action No.: 1:06cv00719
                                )
LOCAL 77 AND THE AMERICAN       )
FEDERATION OF STATE, COUNTY     )
AND MUNICIPAL EMPLOYEES,        )
                                )
        Defendants.              )

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge

    This matter is before the court on the motion of Defendant American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME") to show cause why Plaintiff Melton Summerville ("Summerville") should not be held in contempt of court for filing repetitive litigation in violation of this court's pre-filing injunction, and for associated attorney's fees and costs.[1] (Doc. 25.) For the reasons set forth below, the court grants the motion, holds Summerville in civil contempt, and awards reasonable attorney's fees and costs to AFSCME.

---

[1] Co-defendant Local 77 is not a party to this Motion. (Doc. 25.)

**I.   BACKGROUND**

This motion comes to the court after Summerville filed five separate, repetitive actions against Defendants Local 77 and AFSCME, each alleging wrongdoing arising out of the same negotiation and ratification of a collective bargaining agreement between Duke University and Local 77.[2]  (Doc. 22 at 1.)

In the first action, Summerville v. Local 77, No. 1:03CV00770, this court (Osteen, J.), upon Recommendation of the Magistrate Judge, granted summary judgment in favor of Defendants and dismissed Summerville's complaint.  369 F. Supp. 2d 648, 649 (M.D.N.C. 2005).  The Fourth Circuit affirmed, 142 F. App'x 762, 762 (4th Cir. 2005), and the Supreme Court denied certiorari.  547 U.S. 1132, 1132 (2006).

In the second action, Summerville v. Local 77, No. 1:05CV00101, the court (Osteen, J.) granted Defendants' motion to dismiss after finding that Summerville's action was barred by the statute of limitations.  2006 U.S. Dist. LEXIS 47148, at *15

---

[2] Summerville filed yet another (sixth) action against Duke University for providing an affidavit that was used in the first action, civil action no. 1:03cv00770, which was also dismissed. Summerville v. Duke Univ., No. 1:05CV223, 2006 U.S. Dist. LEXIS 14446, at *3 (M.D.N.C. Mar. 24, 2006), aff'd, 204 F. App'x 306, 306 (4th Cir. 2006) (per curiam).

(M.D.N.C. July 11, 2006). The court considered but refrained from sanctioning Summerville. Id. at *16.

Finding no relief in the federal courts, Summerville resorted to filing lawsuits in state court. In the third action, Summerville v. Local 77, No. 1:06CV00681, Summerville filed a complaint in the Superior Court for Durham County, North Carolina. 2007 U.S. Dist. LEXIS 24491, at *2 (M.D.N.C. Apr. 2, 2007). Defendants removed the action to this court. Id. Summerville sought, unsuccessfully, to remove Judge Osteen from the case on the sole grounds he had ruled against Summerville in the previous actions. Id. at *4. The court (Osteen, J.) found that Summerville's complaint was no more than a rambling "assortment of documents that [were] reproductions of documents related to the previous two matters," arose from the same operative facts as the earlier actions, and was barred by the doctrine of res judicata. Id. at *7-9. The court found that this action was "frivolous and vexatious." Id. at *1.

Summerville's fourth action, also filed in the Superior Court for Durham County, followed closely on the heels of the prior action. Summerville v. Am. Fed'n of State, County and Mun. Employees, No. 1:06CV00719, 2007 U.S. Dist. LEXIS 24529 (M.D.N.C. Apr. 2, 2007). The court (Osteen, J.) found the

complaint was a hodge-podge photocopy of the first action and dismissed it as a "textbook example" of res judicata. Id. at *4. The court again found that the claims were "frivolous and vexatious." Id. at *1.

As a result of the fourth action, the court also issued an Order of Injunction ("Injunction") against Summerville. (Doc. 21.) The Injunction, dated April 2, 2007, provides:

> IT IS HEREBY ORDERED that Plaintiff, or anyone acting on his behalf, shall not initiate any litigation against American Federation of State, County and Municipal Employees and Local 77 without first procuring the written permission to proceed from a district court judge or magistrate judge of this court.
>
> IT IS FURTHER ORDERED that the clerk of this court shall not file for, or on behalf of, Plaintiff any new litigation which is subject to the above-mentioned injunction unless or until judicial approval has been obtained.
>
> IT IS FURTHER ORDERED that the injunction shall continue to exist until further orders of this court. Nothing herein, however, shall prevent Plaintiff from appealing the present matter.

(Id. at 2.) Summerville did not appeal the Injunction.

Undaunted, only three weeks later on April 25, 2007, Summerville filed a fifth action against Defendants, without obtaining prior written permission from this court. Summerville v. Local 77, No. 1:07CV407, Recommendation of United States Magistrate Judge, at 1, 2 (M.D.N.C. Aug. 14, 2007). Summerville

4

filed the complaint in the Superior Court of Durham County, North Carolina, alleging claims that arose out of the same operative facts underlying the four prior actions. Id. at 2. Defendants removed the action to this court and moved to dismiss. Id. at 1. The Magistrate Judge recommended dismissal on the grounds of res judicata, claim preclusion, and/or collateral estoppels but deferred consideration of sanctions inasmuch as the present motion for violation of the Injunction was pending. Id. at 3-4. On February 25, 2008, this court (Beaty, Ch.J.) adopted the recommendation and dismissed the action. Summerville v. Local 77, No. 1:07CV407, Order, at 1 (M.D.N.C. Feb. 25, 2008).

Upon Summerville's filing of the fifth action, AFSCME filed the instant Motion to Hold Plaintiff in Contempt for violating the Injunction (Doc. 25), and Summerville filed a response (Doc. 26). The court gave notice that it was treating the motion as one to show cause why Summerville should not be held in contempt. (Docs. 27, 28.) A show cause hearing was held on June 17, 2008, following which Summerville was found to be in civil contempt. AFSCME was granted thirty days to file an application for the damages it incurred as a result of the fifth

5

filing, which it did. (Docs. 31-33.) Summerville was granted thirty days to respond but failed to do so.

## II. ANALYSIS

A district court has statutory and inherent authority to punish a party for contempt. 18 U.S.C. § 401(3) (2000 & Supp. 2007) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority [as] . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."); Int'l Union, UMW v. Bagwell, 512 U.S. 821, 831 (1994) (finding that courts "have embraced an inherent contempt authority . . . as a power 'necessary to the exercise of all others'").

### A. Civil or Criminal Contempt

A court initially must determine whether the movant requests sanctions for civil or criminal contempt.[3] Buffington v. Baltimore County, Md., 913 F.2d 113, 133 (4th Cir. 1990); Ri

---

[3] This determination is important because criminal contempt proceedings require heightened procedural safeguards. "At a minimum, criminal contempt defendants have the right to receive notice of the criminal nature of the charges, and to be prosecuted by an independent prosecutor, and to have their guilt determined 'beyond a reasonable doubt.'" Bradley v. Am. Household, Inc., 378 F.3d 373, 379 (4th Cir. 2004) (internal citations omitted). Criminal contempt defendants also have a right to a jury trial and a right to counsel. Bagwell, 512 U.S. at 831-32, 834; Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 821 (4th Cir. 2004).

6

Ra Holdings LLC v. Ri Ra, No. 1:99CV0374, 2002 U.S. Dist. LEXIS 18880, at *15 (M.D.N.C. May 16, 2002). In making this determination, "the critical features are the substance of the proceeding and the character of the relief that the proceeding will afford." Hicks v. Feiock, 485 U.S. 624, 631 (1988); see Bagwell, 512 U.S. at 827 ("whether a contempt is civil or criminal turns on the 'character and purpose' of the sanction involved"). The label given by the movant is not determinative. Ri Ra, 2002 U.S. Dist. LEXIS 18880, at *15. Rather,

> [w]hen the nature of the relief and the purpose for which the contempt sanction is imposed is remedial and intended to coerce the contemnor into compliance with court orders or to compensate the complainant for losses sustained, the contempt is civil; if, on the other hand, the relief seeks to vindicate the authority of the court by punishing the contemnor and deterring future litigants' misconduct, the contempt is criminal.

Buffington, 913 F.2d at 133; see Bagwell, 512 U.S. at 827-28. "[P]utatively civil contempt sanctions will be held to be criminal sanctions in cases when the fines were 'not conditioned on compliance with a court order,' 'not tailored to compensate the complaining party,' but instead 'initiated to vindicate the authority of the court and to punish the actions of the alleged contemnor[].'" Cromer, 390 F.3d at 822 (quoting Bradley, 378 F.3d at 377-79).

7

In this action, AFSCME seeks merely its attorney's fees and costs as reimbursement for the losses it sustained in defending against the post-Injunction lawsuit and in prosecuting the present motion. Although AFSCME may have filed the motion to compel Summerville to comply with the Injunction, its requested relief is not designed to "vindicate the authority of the court" or to "punish the actions" of Summerville. Rather, the attorney's fees and costs sought are "tailored to compensate the complaining party" and are remedial in nature. They therefore would not constitute criminal sanctions.

**B. Four-Part Analysis**

To establish civil contempt, the movant bears the burden of proving each of the following four elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's "favor"; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) . . . that [the] movant suffered harm as a result.

Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000) (citation omitted); accord In re General Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995); Ri Ra, 2002 U.S. Dist. LEXIS 18880, at

8

*17. "Willfulness is not an element of civil contempt." *In re General Motors Corp.*, 61 F.3d at 258 (citation omitted).

### 1. Knowledge of a Valid Decree

Summerville never disputes that he had actual knowledge of the Injunction. Rather, he contends that it does not expressly enjoin state court actions, thereby suggesting that it fails to state specifically and in reasonable detail the acts to be restrained, as required by Federal Rule of Civil Procedure 65(d)(1). (Doc. 26 at 1.)

The Injunction commands that "Plaintiff, or anyone acting on his behalf, shall not initiate *any litigation* against American Federation of State, County and Municipal Employees and Local 77." (Doc. 21 at 2 (emphasis added).) By enjoining Summerville from filing "any litigation," the Injunction clearly covers actions filed in state as well as federal court. The district court wisely sought to prevent Summerville from repeating his two previous attempts to give life to his continuing litigation scheme by filing complaints in state court (lawsuits three and four).

Summerville contends that the Injunction's terms limit its applicability to the filing of actions in federal court, which he did not do. (Doc. 26 at 1.) The Injunction does require

9

that Summerville "procur[e] the written permission to proceed from the district court judge or magistrate judge of this court" and prohibits the clerk of this court from filing any litigation without judicial approval. (Doc. 21 at 2.) Contrary to Summerville's contention, however, this pre-filing requirement is not a limitation on the Injunction but rather a simple recognition of the fact that a federal court has no authority to issue a similar command to a state court clerk or judge. Summerville's argument that this language permitted him to file in state court lacks merit, particularly because (as he knew) a major reason for the Injunction was his filing of two immediately previous *state* court actions that were removed to this court. See, e.g., Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 621 (M.D.N.C. 1998) (entering pre-filing injunction), aff'd, 168 F.3d 481, 481 (4th Cir. 1999); Williams v. PPG Indus., Inc., No. 1:01CV00459, 2003 U.S. Dist. LEXIS 8927, at *5-6 (M.D.N.C. May 22, 2003) (approving pre-filing injunction). While it might have been preferable had the Injunction been tailored to apply to future lawsuits arising from the same occurrences as the prior actions, the court finds that limiting the scope to actions against only AFSCME and Local 77 does not unreasonably restrain Summerville and provides adequate

instructions as to how to obtain permission to proceed. <u>Tinsley v. Moore Bus. Forms, Inc.</u>, No. 93-2086, 1994 U.S. App. LEXIS 14208, at *5-6 (4th Cir. 1994) (per curiam).

Thus, AFSCME provides clear and convincing evidence that the Injunction constitutes a valid decree.

### 2. Decree in Movant's "Favor"

The second element of the four-part analysis requires that the decree be in the movant's "favor." <u>Ashcraft</u>, 218 F.3d at 301. The express terms of the Injunction clearly seek to protect AFSCME from further, repetitive litigation by Summerville.

### 3. Violation of the Order

The third element requires a showing that Summerville knowingly violated the Injunction. <u>Ashcraft</u>, 218 F.3d at 301. To impose sanctions on a party for civil contempt, a court must "point to an order . . . which sets forth in specific detail an unequivocal command which a party has violated." *In re* <u>General Motors Corp.</u>, 61 F.3d at 258 (citation and internal quotation marks omitted); <u>see</u> <u>Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n</u>, 389 U.S. 64, 76 (1967) ("The judicial contempt power is a potent weapon. When it is founded

11

upon a decree too vague to be understood, it can be a deadly one.").

Summerville argues that he did not violate the Injunction because it applies only to actions filed in this court, and it was the Defendants who removed the fifth action to this court. (Doc. 26 at 1.) The court has already concluded that the Injunction is not so limited, but rather sets forth a "specific and unequivocal command" prohibiting Summerville from initiating "any litigation" against Local 77 and AFSCME without prior written permission of the court. (Doc. 21 at 2.) When Summerville filed his fifth, repetitive action against Local 77 and AFSCME in state court, he knowingly violated the explicit command of this court.

The context also demonstrates that Summerville knew, or should have known, he violated the Injunction. Judge Osteen issued the Injunction after Summerville filed four separate, repetitive actions against Local 77 and AFSCME that arose out of the same transaction or occurrence. The last two of these actions, which led most immediately to the entry of the Injunction, were filed in state court and removed to this court. Less than a month after Judge Osteen specifically found that Summerville's litigation was "frivolous and vexatious,"

Summerville filed the fifth action. Though Summerville is entitled to some deference as a pro se litigant, at this stage he cannot pretend that he is somehow exempt because he filed in state court. Armstrong, 16 F. Supp. 2d at 620 (declining to recognize an exception for pro se litigants). This is not a case lacking context or prior history. Thus, AFSCME provides clear and convincing evidence on this point.

### 4. Harm

Finally, a movant must demonstrate that it suffered harm as a result of the alleged contemnor's conduct. Ashcraft, 218 F.3d at 301. In this action, AFSCME had to expend resources to defend itself against yet another action, as well as to prosecute this motion to enforce an injunction of this court that should be self-executing. Thus, AFSCME provided clear and convincing evidence that it suffered harm because of Summerville's violation of the Injunction.

### C. Sanction

A court has broad discretion to fashion an appropriate sanction for civil contempt.[4] In re General Motors Corp., 61

---

[4] A court may rely on pleadings alone to determine an appropriate remedy for civil contempt. In re General Motors Corp., 110 F.3d 1003, 1016 (4th Cir. 1997). An evidentiary hearing is not necessary "if, given the nature[] [and] circumstances of the case, the parties had a fair opportunity to present relevant facts[] [and] arguments to the court, to counter the opponent's submissions." Id. (citing Morales-

F.3d at 259. Sanctions may include reimbursement for losses, reasonable attorney's fees, and costs.[5] Id.; Columbia Gas Transmission Corp. v. Mangione Enters. of Turf Valley, L.P., 964 F. Supp. 199, 204 (D. Md. 1996); In re Grand Jury Subpoena, 690 F. Supp. at 1453. These sanctions must be "remedial and compensatory and . . . nonpunitive." In re General Motors Corp., 61 F.3d at 259. And they may include costs and fees incurred while pursuing relief and vindicating the right. Id. at 259-60.

### 1. Legal Basis for Attorney's Fees and Costs

A court has the inherent authority to award attorney's fees in a civil contempt proceeding. For example, a court may award attorney's fees and costs for the "'willful disobedience of a court order.'" Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421

---

Feliciano v. Parole Bd. of the Comm. of P.R., 887 F.2d 1 (1st Cir. 1989)). In this action, the court has followed all the necessary due process requirements to rule on AFSCME's application for attorney's fees and costs.

[5] Courts have restricted the award of compensatory damages for civil contempt. "Generally, a compensatory sanction may not exceed the actual loss to the complainant caused by the actions of respondent." In re General Motors Corp., 61 F.3d at 259 (citation and internal quotation marks omitted). Furthermore, a court has limited discretion to modify requests for compensatory damages. "Once the complainant demonstrates actual losses stemming from the contumacious behavior, the Court is *not free* to exercise its discretion and withhold an order awarding compensatory damages." In re Grand Jury Subpoena of June 12, 1986, 690 F. Supp. 1451, 1453 (D. Md. 1988) (citations omitted).

U.S. 240, 258 (1975)); <u>Strag v. Bd. of Trs.</u>, 55 F.3d 943, 955-56 (4th Cir. 1995). "[W]illful disobedience" has been said to require at least "obstinance or recalcitrance." <u>Omega World Travel, Inc. v. Omega Travel & Shipping Agencies, Inc.</u>, No. 89-3268, 1990 WL 74305, at *4 (4th Cir. May 10, 1990), <u>aff'g</u> 710 F. Supp. 169, 172-73 (E.D. Va. 1989); <u>Capital Source Fin., LLC v. Delco Oil, Inc.</u>, 520 F. Supp. 2d 684, 687, 700 (D. Md. 2007); <u>SEC v. Dowdell</u>, No. 3:01CV00116, 2002 U.S. Dist. LEXIS 4522, at *48 (W.D. Va. Mar. 14, 2002); <u>Columbia Gas</u>, 964 F. Supp. at 204; <u>see</u> <u>Wright v. Jackson</u>, 522 F.2d 955, 958 (4th Cir. 1975). "Neglect and carelessness" are insufficient to demonstrate "obstinance and recalcitrance." <u>Omega World Travel</u>, 710 F. Supp. at 173. The court finds that Summerville willfully disobeyed the Injunction by filing the fifth action and that such conduct constitutes "obstinance and recalcitrance" warranting the award of attorney's fees and costs to AFSCME.[6]

---

[6] A court may also award attorney's fees and costs when a litigant has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" <u>Chambers</u>, 501 U.S. at 45-46 (quoting Alyeska, 421 U.S. at 258-59); <u>see</u> 28 U.S.C. § 1927 (2006); Fed. R. Civ. P. 11(b)-(c). While it would appear that Summerville's filing of a fifth lawsuit arising out of the same set of facts underlying the first four dismissed cases was vexatious, wanton, and in bad faith (indeed, Judge Osteen had found the third and fourth lawsuits to be "frivolous and vexatious"), a motion for attorneys' fees and costs on that basis would have been proper in civil action no. 1:07cv00407, not in this case.

## 2. Twelve-Factor Analysis

Once a court determines that attorney's fees and costs are a permissible sanction, it has considerable discretion to award such relief. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). When calculating an attorney's fee award, a court must "determine[] a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." Brodziak v. Runyon, 145 F.3d 194, 196 (4th Cir. 1998) (citation and internal quotation marks omitted). A court should ascertain the reasonable number of hours and rate based on the twelve factors enunciated in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978). Nigh v. Koons Buick Pontiac GMC, Inc., 478 F.3d 183, 189 (4th Cir. 2007). The burden is on the applicant to demonstrate that the rate and hours are reasonable. Blum v. Stenson, 465 U.S. 886, 897 (1984). Several factors apply here:

**Time and Labor Expended.** The court has carefully reviewed AFSCME's application. The uncontested record indicates that AFSCME's attorney expended a reasonable number of hours in defending against the principal action and in prosecuting the motion. Its attorney spent 12.6 hours on the principal action and 16.5 hours on the contempt action, for a total of 29.1 hours. (Doc. 31 Exs. A-B.) AFSCME also incurred costs of

16

$459.89 related to this action, consisting of filing fees, facsimiles, photocopies, postage, and mileage. (Id. at 3.) The affidavit and exhibits reveal no duplication of effort or unnecessary costs. (Id. at 1-3, Exs. A-B.)

**Novelty and Difficulty of Questions Raised.** The issues in this action are neither novel nor difficult. In the fifth action, the court found that Summerville's reiterated claims arose out of the same operative facts underlying the four prior actions and dismissed them as barred by the doctrines of res judicata, claim preclusion, and/or collateral estoppel. Summerville v. Local 77, No. 1:07CV407, Order, at 1 (M.D.N.C. Feb. 25, 2008), adopting Summerville v. Local 77, No. 1:07CV407, Recommendation of United States Magistrate Judge, at 1, 2 (M.D.N.C. Aug. 14, 2007). In the contempt action, AFSCME has not identified any novel or difficult issues.

**Customary Fee for Like Work.** The uncontested record demonstrates that AFSCME's attorney accepted this representation at $155.00 per hour, which is approximately sixty percent of his normal rate of $250.00 per hour. (Doc. 31 at 2.) AFSCME incurred attorney's fees of $1,953.00 for the principal action and $2,557.50 for the contempt action, for a total of $4,510.50. (Doc. 32 at 2-4.) Based on the court's experience, this amount

is well within (below, actually) the fees regularly charged by attorneys of similar experience representing parties in civil actions before this court.

**Amount in Controversy and Results Obtained.** In the principal action, Summerville sought compensatory and punitive damages in excess of $10,000. Summerville v. Local 77, No. 1:07cv00407, Complaint, at 3 (May 22, 2007). The dismissal of this action was a favorable result.

**Experience, Reputation, and Ability of Attorney.** AFSCME's counsel has practiced law for approximately thirty-seven years, has been listed in the Best Lawyers in America for more than ten years, and has been identified by his peers as among the best lawyers in North Carolina (North Carolina Super Lawyer and Business North Carolina's "Legal Elite"). (Doc. 31 at 1.)

**Nature and Length of Professional Relationship.** The record indicates that the relationship between AFSCME and its attorney has existed since Summerville filed his first action in 2003. (Id. at 2.)

**Attorney's Fee Awards in Similar Cases.** Though the court has no comparable case fee award, based on the court's experience and the uncontested record the requested award of

18

$4,970.39 compares favorably to fees that would be incurred in similar cases for similar work.[7]

Based on the above, this court finds that the requested rates and hours are reasonable. "A fee based upon reasonable rates and hours is presumed to be fully compensatory." Daly v. Hill, 790 F.2d 1071, 1078 (4th Cir. 1986); accord Blum, 465 U.S. at 897. There are no factors that warrant any adjustment to this fee award. Daly, 790 F.2d at 1078 (finding that exceptional circumstances may justify upward award). Thus, the court GRANTS AFSCME's motion for attorney's fees and costs in the amount of $4,970.39.

**III. CONCLUSION**

It is a fundamental precept of our judicial system that every litigant is entitled to his or her day in court. However, there is no place for repetitive and vexatious litigation by a litigant unwilling to accept the result of his fully litigated claim. Summerville was admonished not to file further litigation, but to no avail. After filing four lawsuits,

---

[7] AFSCME has not identified any evidence as to the remaining factors: skill required to perform the legal services; attorney's opportunity costs (apart from handling the matter at a lower than market rate); attorney's expectations at the outset of litigation; time limitations imposed by the client or circumstances; and undesirability of the case. Barber, 577 F.2d at 226 n.28. None of these factors weighs against the court's award, however.

Summerville was warned to obtain the advice of counsel, which he apparently did not do.

To date this court has deferred to Summerville's pro se status and refrained from assessing sanctions against him; instead, it instituted the pre-filing Injunction. Thus, this court has been very patient with Plaintiff, but it is only fair that, with his violation of the Injunction through the filing of yet a fifth action, he compensate those injured by his continuing obstinance. AFSCME need not tolerate such conduct, especially at its own expense.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant AFSCME's "Motion to Hold Plaintiff in Contempt" (Doc. 25) is GRANTED;

2. AFSCME's application for compensatory damages including attorney fees and costs (Docs. 31-33) is GRANTED;

3. Plaintiff Summerville shall pay to AFSCME $4,970.39, representing reasonable attorney's fees and costs.

> _/s/ Thomas D. Schroeder____
> United States District Judge

August 26, 2008